**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-03393-RBJ

TRISHA J. MUNHOLLAND and
BELLA HOMES, LLC,

    Plaintiffs,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION,
as Trustee for the Certificateholders of Structured Asset
Mortgage Investments II Inc. Bear Stearns Mortgage Funding
Trust 2007-AR5 Mortgage Pass-Through Certificates, Series
2007-AR5;
JPMORGAN CHASE BANK, N.A.;
EMC MORTGAGE CORPORATION; and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

    Defendants.

---

PLAINTIFFS' MOTION TO REMAND TO STATE COURT

---

**Certificate of Conferral:** Pursuant to D.C.COLO.LCivR 7.1, the undersigned has conferred with Counsel for Defendants and is authorized to represent that Defendants oppose the relief requested in this motion.

    COME NOW, the Plaintiffs, above named, by and through their attorneys, WILLIAM J. HUNSAKER, P.C., pursuant to 28 U.S.C. §1447(c) and (e) hereby submit *Plaintiffs' Motion to Remand to State Court* and as good grounds for granting said *Motion* and remanding this matter to the District Court for Douglas County, Colorado, Plaintiffs show to the Court the following:

## I. INTRODUCTION

1.      This litigation arises, *inter alia,* primarily surrounding a parcel of real property, commonly known as 5328 Danvers Court, Castle Rock, Colorado 80104, and legally described as: Lot 2, Block 5, Castlewood Ranch Subdivision-Filing No. 1- Parcel 8, County of Douglas, State of Colorado, hereinafter referred to as "Plaintiffs' Property" or "Subject Property".

2.      On or about April 4 and 5, 2007, Plaintiff Trisha J. Munholland ("Plaintiff Munholland") purchased the Subject Property for $610,000.00 which was secured by a First Deed of Trust through Aegis Wholesale for $488,000.00, as well as a Second Deed of Trust through Aegis Wholesale for $61,000.000. Upon Defendants' representations, which Plaintiffs dispute, the Notes and Deeds of Trust were subsequently assigned to Defendants Wells Fargo National Association ("Defendant Wells Fargo"), and was to be serviced by Defendant EMC Mortgage Corporation ("Defendant EMC"), Defendant EMC is and was owned and operated by Defendant JP Morgan Chase Bank, N.A. ("Defendant JP Morgan").

3.      In 2007, Plaintiff Munholland contacted Defendant EMC to discuss a modification to her mortgage as well as to determine if she qualified to apply for any of the modification programs being offered. She was told by the representative of Defendant EMC that she needed to miss a few payments in order to be considered for the program. Ms. Munholland provided all necessary paperwork and was offered a Trial Period Plan under the Home Affordable Modification Program (hereinafter "HAMP"), which is a subprogram of the Federal Marking Home Affordable Program and was told that she qualified for a modified mortgage payment plan and all that was necessary was to make timely payments for three consecutive months and that the modification would become permanent. Plaintiff paid the modified mortgage payments timely

for three months and upon inquiry as to paperwork for a permanent modification, she was told that the company was backlogged and to continue making the modified mortgage payments. She did so for over three years, all throughout that time periodically checking with Defendant EMC as to the status of the permanent modification paperwork, and was routinely told that they were backlogged and that she had nothing to worry about because she already qualified for the permanent modification.

4. In or around November 2010, Defendant EMC sent a letter stating they were not going to modify her mortgage as previously agreed with no basis – reasonable or otherwise, and demanded immediate payment of the difference between her old mortgage payment and the modified payment amount for the last three years, as well as penalties, fees, and interest and demanded immediate payment in excess of $30,000.00 or foreclosure would be commenced.

5. On February 14, 2011, Defendant Wells Fargo filed a *Notice of Election and Demand for Sale*. That same day, Ms. Munholland received a letter from the law firm of Aronowitz & Mecklenburg, LLP, threatening foreclosure and incorrectly claiming Defendant MERS was the "original creditor." In April, 2011, Plaintiff Munholland received a Notice of Hearing, again from Aronowitz & Mecklenburg, LLP, which erroneously claimed that Plaintiffs executed a Deed of Trust to Defendant MERS. This also did not occur.

6. In May 2011, Ms. Munholland received a *Combined Notice of Sale and Notice of Rights to Cure or Redeem*, again from Aronowitz & Mecklenburg, LLP, which incorrectly claims that the "original beneficiary" was Defendant MERS. However, MERS was never a "beneficiary" according to MERS's own self-imposed Terms and Conditions as well as nationally-consistent decisional law. The Notice also said Defendant Wells Fargo is the "Current Owner of Evidence

of Debt." Plaintiffs have never been provided with an assignment of transfer, or other evidence that a transfer has occurred. There are no contracts, credit agreement, or other such documents with Defendant Wells Fargo or Defendant MERS. To date, Ms. Munholland still receives telephone calls and letters from Defendants Chase and EMC, who also claim they are the legal owner of the Deed of Trust.

7.      On June 8, 2011, the Douglas County Public Trustee issued a Public Trustee's Certificate of Purchase to Defendant Wells Fargo, Public Trustee Foreclosure Sale No. 2011-0320, and was recorded in the offices of the Douglas County Clerk and Recorder at reception number 2011035051. On June 23, 2011, the Douglas County Public Trustee issued a Confirmation Deed to Defendant Wells Fargo, it was recorded in the offices of the Douglas County Clerk and Recorder at reception number 2011038105.

8.      On October 3, 2011, Defendant Wells Fargo, through the law firm of Robert J. Hopp & Associates, LLC, filed a *Summons in Forcible Entry and Unlawful Detainer* along with a *Verified Complaint (Unlawful Detainer)* ("FED Action"), Douglas County County Court Case Number 2011C6385. Ms. Munholland, through the offices of the undersigned, filed an Answer on October 11, 2011 and a hearing was scheduled for November 9, 2011.

9.      On November 7, 2011, in direct response to the above-referenced FED Action filed in Douglas County County Court (Case No. 2011C6385), and in direct response to the foreclosure action filed by Wells Fargo in the District Court for Douglas County, Colorado (Case No. 2011CV952), Ms. Munholland filed her *Complaint*, currently at issue before the Court, in the District Court for Douglas County, Colorado.

10.     Currently before the Douglas County Courts are two matters, both brought by Defendant Wells Fargo against Ms. Munholland, both of which concern and affect the real property located in Douglas County, Colorado, and both matters are directly parallel factually to the matters asserted by the Plaintiff in the present matter. (Douglas County County Court (Case No. 2011C6385) and District Court for Douglas County, Colorado (Case No. 2011CV952))

## II. STANDARDS OF LAW SUPPORTING REMAND TO DOUGLAS COUNTY DISTRICT COURT

28 U.S.C. §1447 provides in pertinent part that:

> "**(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under §1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."
>
> **(e)** If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Removal statutes are to be strictly construed, with doubts leading to the remanding of the case to State court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). The 10th Circuit has held, "it is well-established that statutes conferring jurisdiction upon federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). *See also, Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982). Because Federal District Courts are courts of limited jurisdiction, it must have statutory and constitutional grounds to establish jurisdiction. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).

Moreover, the Supreme Court has held that federal law does not preempt Plaintiff's state-law claims. *Metropolitan Life Ins. v. Taylor,* 481 U.S. 58, 65-66 (1987). It is well established that under the "well-pleaded complaint" rule, the plaintiff is the "master of the claim." *Karnes v. Boeing Co.,* 335 F.3d 1189, 1192 (10th Cir. 2003). The removing party has the burden to support removal by a preponderance of the evidence. *McPhail v. Deere & Co.,* 529 F.3d 947, 952-953 (10th Cir. 2008).

In deciding a motion to remand, on January 9, 2012, the Honorable Chief Judge Wiley Y. Daniel stated: "Guided by the strong presumption against removal of civil actions to federal court, I find that [this case] must be remanded to the State Court." *Stout v. Gyrodata, Inc.*, Slip Copy 2012 WL 84729, 4 (D.Colo., 2012). *Citing,* 28 U.S.C. § 1447(c).

Bearing in mind the presumption against removal, Plaintiffs set for the following arguments as to why this case should remain in the Douglas County District Court rather than Federal Court.

### III. ARGUMENT

#### A. THE SUBJECT PROPERTY IN DISPUTE IS LOCATED IN DOUGLAS COUNTY, COLORADO

First and foremost, this case was brought concerning Plaintiffs' Property located in Douglas County, Colorado and the claims in Plaintiffs' *Complaint* concern the actions, inactions, and conduct of Defendants stemming from the Plaintiffs' Property. Additionally, Defendant Wells Fargo commenced two parallel lawsuits in Douglas County, Colorado concerning the Plaintiffs' Property. (Case Nos. 2011C6385 and 2011CV952). Defendants argue that pursuant to 28 U.S.C. §1441(a), the case should be removed because "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place of which such action is pending." 28 U.S.C. §1441(a).  However, there is not necessarily "original jurisdiction" in this matter because they cannot establish Federal Question Jurisdiction or Diversity Jurisdiction.

Plaintiffs' Second Claim for Relief is Quiet Title. Colo. R. Civ. P. 98 provides that "**All actions affecting real property … shall be tried in the county in which the subject of the action, or a substantial part thereof, is situated.**" (*emphasis added*) The Colorado Supreme Court has held that the proper venue for quiet title is in the county where the property is located. *Twin Lakes Reservoir & Canal Co. v. Bond*, 399 P.2d 793, 795 (1965). The Colorado Supreme Court has also held that when dealing with a Quiet Title dispute, "under such conditions where the venue of one claim for relief is properly laid in the county in which it is brought, a court should not, except under extraordinary circumstances, change the venue of another claim properly joined with the first claim." *Id.* at 795. See also, *Spencer v. Sytsma,* 67 P.3d 1, 6 (Colo. 2003) (stating the same).

### B. DEFENDANTS' FEDERAL QUESTIONS ARGUMENT MUST FAIL

Defendants' rely on 28 U.S.C. §1331, using Federal Question as one of their grounds for removal. However, it is well established that the "mere presence of a federal issue . . . does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms, Inc. v. Thomas*, 478 U.S. 804, 813 (1986). Without diversity jurisdiction, original jurisdiction is lacking unless there is "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392.

The well-pleaded complaint rule states that federal jurisdiction exists only if there is a federal question that is affirmatively and distinctly presented on the face of the plaintiff's properly pleaded complaint. The federal law from which the claim arises must be a direct and essential element of the cause of action. *Crow v. Wyoming Timber Products Co.,* 424 F.2d 93 (10th Cir. 1970). *Andersen v. Bingham & G. Ry. Co.,* 169 F.2d 328 (10th Cir. 1948). *Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation,* 463 U.S. 1, 10-11 (1983).

Here, Defendants allege that this case should be removed because the Court has federal question jurisdiction arising out of Plaintiff's claims under the Federal Fair Debt Collections Practices Act and the American Recovery and Reinvestment Act of 2009. (Defendants Notice of Removal, ¶2). However, this is a case involves predominantly state law claims. Plaintiffs Complaint alleges for their claims for relief: 1. Declaratory Judgment, pursuant to the laws of the State of Colorado; 2. Quiet Title under the laws of the state of Colorado; 3. Violations of the Colorado and Federal Fair Debt Collection Practices Act, in which both state and federal laws are pled and which the statues are virtually identical; 4. Breach of Written Contract; 5. Fraud; 6. Promissory Estoppel; and 7. None of Plaintiffs' claims for relief "affirmatively and distinctly" involve a federal question as a "direct and essential element of the cause of action". *Id.*

Although Plaintiffs does reference some Federal Legislation involving homeowners struggling financially, it is mostly stated in the Factual Allegations section of the *Complaint* and is used by way of explaining Plaintiff's contract claims (Complaint, ¶50-66). The Legislation mentioned includes: the Emergency Economic Stabilization Act of 2008 (amended as the American Recovery and Reinvestment act of 2009), the Troubled Assist Relief Program and the Making Home Affordable Program (including subparts, Home Affordable Refinance Program

and the Home Affordable Modification Program). Plaintiffs reference these Acts by way of explaining the documents that Plaintiff Munholland filled out with Defendant EMC, not by way of introducing a claim under Federal law or asserting a direct cause of action resulting therefore, rather they were discussed to comply with the requirement of providing the Defendants with a well pled Complaint sufficient to put them on notice of the claims for relief brought by Plaintiffs.

The Supreme Court has held that a state law claim arises under federal law only where vindication of the state law right necessarily turns on the same construction of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). As such, since there is "no federal question on its face," there is no Federal question jurisdiction. *Colo. Ex rel. Salazar, supra*, 188 F.Supp.2d at 1284.

### C. EVEN IF THERE IS FEDERAL QUESTION JURISDICTION, THE ABSTENTION DOCTRINE REQUIRES THIS ACTION BE REMANDED TO STATE COURT.

The Supreme Court has held that when an issue "clearly involves basic problems of [state] policy . . . equitable discretion should be exercised to give the state courts the first opportunity to consider them." *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943). The abstention doctrine states that a district court can postpone jurisdiction or decline it all together if there are parallel state proceedings. *Allen v. Board of Education, Unified School District 463,* 68 F.3d 401 (10th Cir. 1995), *citing Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

In order for the abstention doctrine to apply, the district court must determine "whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id. citing Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). If the cases are in fact parallel, "the court must decide whether to

abstain." *Id.* The 10th Circuit has also indicated that the court "should also consider wise judicial administration with regard to conservation of judicial resources and comprehensive disposition of litigation" and which court had original jurisdiction, inconvenience, and piecemeal litigation. *Id. citing Colorado River Water*, 424 U.S. at 817, 818. See also *American Constitutional Law Foundation v. Meyer*, 113 F.3d 1245, 1997 WL 282874 (C.A.10 (Colo.)), (UNPUBLISHED OPINION regarding a Constitutional claim in state court).

The original foreclosure action brought by Defendant Wells Fargo concerning the Plaintiffs' Property is before the Douglas County District Court, case no. 2011CV952. The subsequent FED Action, was also brought by Defendant Wells Fargo concerning the Plaintiffs' Property, which is still pending is before the Douglas County County Court, case no. 2011C6385. Both matters brought by Defendant Wells Fargo against Ms. Munholland involve the same real property stemming from the same events that led to wrongful foreclosure proceedings by the Defendants. Additionally, the present matter before this Court was brought in Douglas County District Court in direct response to the above-referenced matters brought by Defendant Wells Fargo. These cases are parallel for purposes of abstention, and despite having different case numbers, all involve the same Subject Property.

One of the considerations the 10th Circuit has contemplated while determining whether abstention should apply is whether there is a "'difficult questions of state law are present which impact 'policy problems of substantial public import whose importance transcends the result in the case then at bar." *Allen v. Board of Education, Unified School District 463,* 68 F.3d 401 (10th Cir. 1995), *citing Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 - 816 (1976). In this case, not only are there claims involving state law, but there is a strong public

policy argument with regard to the citizens of Douglas County. Considering the fact that Plaintiffs' complaint has predominantly state claims, and the property in question is located in Douglas County, the Federal Court should abstain from presiding over this case.

Pursuant to D.C.COLO.LCivR 7.5, *Notice of Related Cases*, Defendants were required to file the *Notice of Related Cases* upon the filing of the *Notice of Removal* that this action is related directly Douglas County District Court, case no. 2011CV952 and Douglas County County Court, case no. 2011C6385, both of which were initiated by Defendant Wells Fargo.

Of important note, upon receipt of Defendants' recently filed Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and upon closer review of Plaintiffs' Complaint, in very short order Plaintiffs will be moving the Court for leave to amend their Complaint to add additional Defendants and to generally amend the Complaint. In particular, Plaintiffs will be adding the Douglas County Public Trustee as a Defendant as Plaintiff was required to do pursuant to Colo. R. Civ. P. 105, *Actions Concerning Real Estate*. Upon adding the Douglas County Public Trustee, as a required and as an indispensible party, diversity jurisdiction will be defeated.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion to Remand and remand this action to the Douglas County District Court, and for such other and further relief as this Court deems proper.

Respectfully submitted this 27th day of January, 2012.

> By: s/ Donald T. Emmi
> Donald T. Emmi
> WILLIAM J. HUNSAKER, P.C.
> 4465 Kipling Street, Suite 200
> Wheat Ridge, Colorado 80033
> Telephone: (303) 456-5116
> Facsimile: (303) 421-4309
> Email: Donnie@emmilawfirm.com
> Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2012, a true and correct copy of the foregoing PLAINTIFFS' MOTION TO REMAND TO STATE COURT was sent to the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Kutak Rock LLP
Mark C. Willis
Kelly S. Kilgore
Adam L. Kirsch
1801 California Street, Suite 3100
Denver, CO 80202

> /s/ Julie M. Bartlett
> Paralegal