IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11–cv–03393–RBJ–KMT

TRISHA J. MUNHOLLAND,

    Plaintiff,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the certificateholders of Structured Asset Mortgage Investments II Inc. Bear Stearns Mortgage Funding Trust 2007-AR5 Mortgage Pass-Through Certificates, Series 2007-AR5,
JPMORGAN CHASE BANK, NA.,
EMC MORTGAGE CORPORATION, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

    Defendants.

---

## ORDER

---

    This matter is before the Court on Plaintiff's Motion to Remand to State Court [Document #12]. Plaintiff argues that (1) this litigation primarily concerns a parcel of real property located in Douglas County and should be heard in the Douglas County District Court; (2) there is no federal question on the face of the Complaint; and (3) the abstention doctrine requires that the action be remanded to the Douglas County District Court. I disagree. Plaintiff asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. As such, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

    Because it might come up again, the Court addresses defendants' alternative argument that there is also diversity of citizenship jurisdiction under 28 U.S.C. § 1332. After the case was removed, Plaintiff filed a motion to amend her complaint to add George J. Kennedy, the Public Trustee for Douglas County, Colorado. [#17]. This Court, exercising its discretion to permit

joinder of the Public Trustee, *see Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999), granted Plaintiff's Motion to Amend. [#18]. Plaintiff's amendment destroyed diversity. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Therefore, absent a federal question, the case would have to be remanded to state court.[1] *See* 28 U.S.C. § 1447(e).

Accordingly, the motion to remand [#12] is **DENIED**.

DATED this 25th day of February, 2013.

BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson
United States District Judge

---

[1] Defendants cite a 1947 Tenth Circuit case in support of their argument that complete diversity is not destroyed when a nominal party is joined as a defendant. (*See* Resp. at 6 [citing *Becker v. Angle*, 165 F.2d 140 (10th Cir. 1947)].) However, in *Becker*, the issue was whether "unanswering and unknown" defendants whose residence or citizenship could not be determined destroyed diversity. *Becker*, 165 F.2d at 142. The court determined that the defendants, who were parties at the outset of the case and not added at a later time, were real and necessary parties to the suit, and because the plaintiffs could not affirmatively show diversity, the court did have subject matter jurisdiction. *Id.* Because the defendants in *Becker* were defendants at the outset, however, § 1447(e) is not applicable. Defendants also cite *Alpine Bank v. Carney Bros. Construction*, Case No. 05-cv-00026-EWN-KLM, 2008 WL 4080003 (D. Colo. Sept. 2, 2008). Section 1447(e) does not apply to *Alpine Bank* because, although the case was removed from state court, the defendants impleaded the trustee and did not claim that the trustee had any real interest in this case. *Alpine Bank*, 2008 WL 4080003, at *3. Here, Plaintiff refers to the Public Trustee throughout her Amended Complaint and represents that the Public Trustee is an indispensible party. Moreover, the Court cannot locate any case in which the joinder of a nominal defendant prevented a case from being remanded to the state court under § 1447(e). Rather, the statute distinguishes only between dispensable and indispensable parties. *Casas Office Machines, Inc.*, 42 F.3d 668, 675 (1st Cir. 1994). This Court, in allowing plaintiff to amend her complaint, already considered this.