IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–03393–RBJ–KMT

TRISHA J. MUNHOLLAND,

      Plaintiff,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the certificateholders of
Structured Asset Mortgage Investments II Inc. Bear Stearns Mortgage Funding Trust 2007-AR5
Mortgage Pass-Through Certificates, Series 2007-AR5,
JPMORGAN CHASE BANK, NA.,
EMC MORTGAGE CORPORATION, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on the "Bank Defendants' Motion to Dismiss Plaintiff's

First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 27 [Mot.], filed April

16, 2012).  Plaintiff filed her response on May 8, 2012 (Doc. No. 30 [Resp.]), and Defendants

filed their reply on August 30, 2012 (Doc. No. 41 [Reply]).  The motion is ripe for

recommendation and order.

## BACKGROUND

      Plaintiff brings this matter alleging "Defendants' collective conduct, including fraudulent

conduct, concerning the mortgage and subsequent foreclosure on Plaintiff Trisha Munholland's

home." (Resp. at 1.)  Plaintiff asserts seven claims for relief, including claims for Declaratory

Judgment, Quiet Title, Violation of the Federal and Colorado Fair Debt Collection Practices Act,
Breach of Written Contract/Breach of the Duty of Good Faith and Fair Dealing, Fraud,
Promissory Estoppel, and Temporary and Permanent Injunctive Relief.  (*See* Doc. No. 19 [Am.
Compl.].)  Defendants move to dismiss all of Plaintiff's claims for failure to state a claim upon
which relief can be granted pursuant to Fed. R. Civ. P. 12(b)6).  (Mot.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss
a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)
(2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that
the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally
sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d
1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual
allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v.
Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint
must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the
plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant
is liable for the misconduct alleged."  *Id.*  The *Iqbal* evaluation requires two prongs of analysis.
First, the court identifies "the allegations in the complaint that are not entitled to the assumption

2

of truth," that is, those allegations which are legal conclusion, bare assertions, or merely

conclusory.  *Id*. at 68-81.  Second, the Court considers the factual allegations "to determine if

they plausibly suggest an entitlement to relief."  *Id*. at 681.  If the allegations state a plausible

claim for relief, such claim survives the motion to dismiss.  *Id*. at 678.

Notwithstanding, the court need not accept conclusory allegations without supporting

factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir.

1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citation omitted).  "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (citation omitted).

## ANALYSIS

### 1.    *Federal Debt Collection Practices Act*

Defendants move to dismiss Plaintiff's claim for violations of the Federal Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, because Defendants are not "debt

collectors" as a matter of law.  (Mot. at 15–16.)  Defendants also move to dismiss Plaintiff's

FDCPA claim because, to the extent the allegations occurred more than one year before Plaintiff

commenced this action, her claims are time-barred by the FDCPA's one-year statute of

3

limitations.  (*Id.* at 17.)  The court agrees that Plaintiff's FDCPA claim should be dismissed, but for a different reason.

In Plaintiff's Amended Complaint, she alleges the defendants violated the FDCPA by using false, deceptive, or misleading representations in connection with the collections of the debt owed by Plaintiff and by falsely promising to consider Plaintiff for loan modification; by using false, deceptive, or misleading representations wrongly portraying the character, amount, or legal status of Plaintiff's mortgage debt; by using false representations or deceptive means to collect or attempt to collect a debt or to obtain information from the Plaintiff; by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff; by attempting to collect debts in the form of monthly mortgage payments even when the defendants knew that Plaintiff's home had been sold at public auction; by using unfair or unconscionable means to collect or attempt to collect any debt; by instructing Plaintiff to stop making monthly payments in order to qualify to apply for a modification and by telling Plaintiff that her credit score would suffer no harm as a result since it was requested by the creditor that would be reporting to the credit bureaus; by designing and implementing a purposeful scheme to obtain additional amounts from Plaintiff, knowing she was in a state of vulnerability, and misleading the plaintiff as to the true fact regarding her mortgage loan modification; by attempting to collect amounts from Plaintiff not expressly authorized by an agreement creating the debt; and by misrepresenting true facts to Plaintiff.  (Am. Compl., ¶¶ 186.a.–j.)

Congress enacted the FDCPA to combat "abusive, deceptive and unfair debt collection practices."  15 U.S.C. § 1692(a).  The express purpose of the statute is "to eliminate abusive debt

collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e). Section 1692e(2)(A) prohibits the false representation of "the character, amount, or legal status of any debt." Section 1692e(4) prohibits "[t]he representation or implication that nonpayment of any debt will result in . . . the sale of any property . . . of any person unless such action is lawful and the debt collector or creditor intends to take such action." Section 1692e(5) prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken." Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692f(1) prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Plaintiff's FDCPA claim is based on defendants' alleged attempts to collect on the mortgage debt and the subsequent foreclosure.

Not all courts have agreed "on whether and when foreclosure activities are covered" by the FDCPA. *Wessler v. Colonial Nat'l Mortg.*, Civil Action No. 11-cv-02683-RBJ-KMT, 2012 WL 5949730, at *16 (D. Colo. Aug. 21, 2012), *adopted by* 2012 WL 5949581 (D. Colo. Nov. 28, 2012); *Patrick v. Bank of New York Mellon*, Case No. 11-cv-01304-REB-MJW, 2012 WL 934288, at *14–16 (D. Colo. March 1, 2012); *Yokomizo v. Deutsche Bank Securities, Inc*., Case No. 11-cv-01630-CMA-KLM, 2011 WL 5024899, at *4–5  (D. Colo. Oct. 21, 2011), *adopted by* 2011 WL 5983575 (D. Colo. Nov.30, 2011); *Rousseau v. Bank of N.Y.*, Case No. 08-cv-00205-PAB-BNB, 2009 WL 3162153, at *7 (D. Colo. Sept.29, 2009). "The basic dispute is whether

mortgage foreclosures constitute mere enforcement of a security interest by the lender, in which case they would appear to fall outside the scope of the [FDCPA], or whether foreclosures are an attempt to collect the underlying monetary debt, in which case they would fall within the scope of the [FDCPA]." *Rousseau*, 2009 WL 3162153**,** at *7. "The vast majority of courts to address the issue, however, have determined that such actions fall outside the scope of the FDCPA." *Yokomizo*, 2011 WL 5024899, at *4 (citing *Mayhew v. Cherry Creek Mortg. Co., Inc.,* Case No. 09-cv-00219-PAB-CBS, 2010 WL 935674, at *12 (D. Colo. Mar.10, 2010); *Kee v. R–G Crown Bank*, 656 F. Supp.2d 1348, 1354 (D. Utah 2009)); *Wessler*, 2012 WL 5949730, at *16. This is particularly true in this District. Like the court in *Rousseau*, this court finds no extenuating circumstances to warrant deviation from the majority view on this issue in the absence of Tenth Circuit guidance to the contrary.

Therefore, as the FDCPA does not apply to this mortgage foreclosure and quiet title action, this court recommends that the Plaintiff's FDCPA claim be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**2.       *Supplemental Jurisdiction***

Plaintiff's remaining claims pertain to alleged violations of Colorado law. A federal district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the United States Supreme Court held that supplemental "jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in consideration of judicial economy, convenience and

fairness to litigants." *Id.* The Supreme Court found that if a plaintiff's "federal claims are dismissed before trial," the plaintiff's "state claims should be dismissed as well." *Id.* The Tenth Circuit has held that, "[i]n general, when federal claims are disposed of prior to trial, the district court may decline to exercise supplemental jurisdiction over state law claims and allow the plaintiff to assert those claims in state court." *Summum v. Duchesne City*, 482 F.3d 1263, 1276 (10th Cir. 2007).

This court recommends that Plaintiff's only federal question claim be dismissed. Without the federal claim, the Court does not have original jurisdiction over any of the surviving claims because they do not present a federal question and the parties are not diverse. (*See* Judge R. Brooke Jackson's Order, Doc. No. Doc. No. 46 [joinder of Defendant Kennedy destroyed diversity].) The Court has not entered a scheduling order, and the parties have not expended substantial time and resources on discovery. *Sullivan v. Scoular Grain Co. of Utah*, 930 F.2d 798 (10th Cir. 1991). The state law claims do not raise any issues which would implicate federal law. In such circumstances, the Supreme Court has counseled that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . ." 383 U.S. at 726. Therefore, considering judicial economy, convenience, and fairness to the litigants, *id.*, this court recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Bank Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 27) be **GRANTED** in part, and that

the claim for violations of the Federal Debt Collection Practices Act (contained in the Third

Claim for Relief) be **DISMISSED** with prejudice for failure to state a claim upon which relief

can be granted.  This court further

RECOMMENDS that District Judge Jackson decline to exercise supplemental

jurisdiction over Plaintiff's remaining state law claims and remand this case to the District Court

for Douglas County, Colorado.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

8

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge